UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RODRIGUEZ JR., <br><br> Petitioner, <br><br> v. <br><br> CRAIG KOENIG, Warden, <br><br> Respondent. | Case No. 2:21-cv-05070 SVW (KES) <br><br> ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MIXED |

## I.
## BACKGROUND

On June 22, 2021, Oscar Rodriguez Jr. ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"])  Petitioner challenges his conviction for first-degree murder. (Id. at 2.)  The Petition raises the following grounds for relief: (1) insufficiency of the evidence, (2) ineffective assistance of counsel, (3) instructional error, (4) prosecutorial misconduct, and (5) cumulative error. (Id. at 3.)

On August 11, 2021, Respondent filed a motion to dismiss, and lodged documents ("LD") from Petitioner's state proceedings, arguing that the Petition

should be dismissed because Ground Five is unexhausted. (Dkt. 7, 8.) Pursuant to the Court's Order Requiring Response to Habeas Petition, Petitioner's opposition to the motion to dismiss was due August 31, 2021. (Dkt. 5 at ¶ 5.) As of the date of this Order to Show Cause, no opposition has been filed.[1]

## II.

## LEGAL STANDARD

The United States Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982). If all or some of the claims have not been exhausted, then the petition is subject to dismissal. Id.

To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). Exhaustion requires that a petitioner's claims be fairly presented to the highest court in a state court system even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845–47 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), all federal habeas petitions are subject to a one-year statute of

---

[1] If Petitioner has subsequently mailed his opposition brief, he may disregard this Order to Show Cause.

limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a petition to allow a petitioner to exhaust his claims in state court without running afoul of AEDPA's one-year statute of limitations period. Id. at 273–75. A district court may stay a petition if: (1) the petitioner has good cause for his failure to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. Id. at 278.

    Alternatively, the Court may grant a stay under Kelly v. Small, 315 F.3d 1143 (9th Cir. 2003), which does not have the Rhines "good cause" requirement. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A Kelly stay and abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner must subsequently seek to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." Id. at 1135. Under Kelly, however, the petitioner is only allowed to amend newly-exhausted claims back into his federal petition if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending petition. Id. at 1140–41; see also Mayle v. Felix, 545 U.S. 644, 662–64 (2005); Stein v. Director of Corrections, No. 05-1592, 2009 U.S. Dist. LEXIS 114016, 2009 WL 4755727 (E.D. Cal. Dec. 8, 2009).

### III.
### DISCUSSION

    Ground Five raised in the present Petition appear to be unexhausted. In Ground Five, Petitioner claims that his due process rights were violated by the cumulative effect of the errors alleged in Grounds One through Four of the Petition

as well as instructional error on unanimity, burden shifting by the trial court during jury selection, and improper denial of pretrial discovery. (Pet. at 3; Dkt. 3 at 14–17.) In his petition for review in the California Supreme Court, Petitioner also presented a cumulative error claim, but the errors that formed the basis of that claim did not include instructional error on unanimity or improper denial of pretrial discovery. (LD 2 at 48.) While Petitioner raised an instructional error on unanimity on direct appeal in the California Court of Appeal (LD 1 at 27–32), he did not include the claim in his petition for review in the California Supreme Court (LD 2). As to the claim of improper denial of pretrial discovery, it was alleged in **Argument VI** of the petition for review (LD 2 at 49–54), but the cumulative error claim in the petition for review was based exclusively on the errors alleged in **Arguments I through IV** of the petition for review (id. at 48). In sum, the cumulative error claim in the instant Petition encompasses errors that were not included in the cumulative error claim in the petition for review in the California Supreme Court.

## IV.
## CONCLUSION

IT IS HEREBY ORDERED that, on or before October 15, 2021, Petitioner is ordered to show cause why the Petition should not be dismissed as mixed. In response to this Order to Show Cause, Petitioner should do **one** of the following:

(1) State that Petitioner would like to proceed only with the exhausted claims[2] (Grounds 1, 2, 3, and 4),

(2) Explain when/how Petitioner believes Ground 5 was exhausted in state court, **or**

---

[2] The Court notes that the unexhausted Ground 5 appear to be very similar to other, exhausted claims raised in the Petition. It therefore appears that Petitioner would suffer little prejudice if he decides to dismiss Ground 5 and proceed only on the exhausted claims.

(3) File a motion to stay this action, to permit him to return to state court to exhaust Ground 5. As discussed above, a stay may be available under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) if Petitioner can show "good cause" for his failure to exhaust his claims earlier, or under <u>Kelly v. Small</u>, 315 F.3d 1143 (9th Cir. 2003).

DATED: <u>September 15, 2021</u>

                                                 */s/ Karen E. Scott*
                                   KAREN E. SCOTT
                                   UNITED STATES MAGISTRATE JUDGE